Megan A. Richmond (SBN 170753)
MEGAN A. RICHMOND, APC
655 W. Broadway, Suite 1700
San Diego, California 92101-8495
Telephone: (619) 577-4253
Facsimile:  (619) 577-4250
megan@therichmondfirm.com

C. Brooks Cutter (SBN 121407)
John R. Parker, Jr. (SBN 257761)
Celine E. Cutter (SBN 312622)
CUTTER LAW P.C.
401 Watt Ave., Suite 100
Sacramento, CA 95864
T: (916) 290-9400| F: (916) 588-9330
bcutter@cutterlaw.com
jparker@cutterlaw.com
ccutter@cutterlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JODI GARNESS, JACQUELINE FERRER, KATHY HANSEN, ROSE REYES RANGEL, REGINA ROGERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California, and DOES 1–10, inclusive.<br><br>Defendants. | CASE NO.<br><br>**COLLECTIVE ACTION**<br>[29 U.S.C. § 216(b)]<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CONSENTS TO SUE** |

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE**

## PRELIMINARY STATEMENT

1. Plaintiffs are former or current DEPARTMENT OF AGING AND ADULT SERVICES ("**DAAS**") non-exempt social worker employees of Defendant COUNTY OF SAN BERNARDINO ("**Defendant**"), and bring this action, on their own behalf and on behalf of all others similarly situated, under the United States Fair Labor Standards Act, 29 U.S.C. § 216(b), for remedies arising out of Defendants' non-payment of overtime to its DAAS social workers.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant resides in this District for the purposes of the foregoing venue statute and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District.

## PARTIES

4. Plaintiff JODI GARNESS ("**Garness**") is an individual. Plaintiff Garness is a citizen of the United States of America and the State of California. Plaintiff Garness resides in this District. Plaintiff Garness is employed as a non-exempt DAAS social worker II by Defendant in its Victorville office in this District.

5. Plaintiff FACQUELINE FERRER ("**Ferrer**") is an individual. Plaintiff Ferrer is a citizen of the United States of America and the State of California. Plaintiff Ferrer resides in this District. Plaintiff Ferrer is employed as a non-exempt DAAS social worker II by Defendant in its Victorville office in this District.

6. Plaintiff KATHY HANSEN ("**Hansen**") is an individual. Plaintiff Hansen is a citizen of the United States of America and the State of California. Plaintiff Hansen resides in this District. Plaintiff Hansen is employed as a non-exempt DAAS social worker II by Defendant in its Victorville office in this District.

7. Plaintiff ROSE REYES RANGEL ("**Rangel**") is an individual. Plaintiff Rangel is a citizen of the United States of America and the State of California. Plaintiff Rangel resides in this District. Plaintiff Rangel is employed as a non-exempt DAAS social worker II by Defendant in its Victorville office in this District.

8. Plaintiff REGINA ROGERS ("**Rogers**") is an individual. Plaintiff Rangel is a citizen of the United States of America and the State of California. Plaintiff Rogers resides in this District. Plaintiff Rogers is employed as a non-exempt DAAS social worker II by Defendant in its Victorville office in this District.

9. The additional persons who may become plaintiffs herein are also non-exempt DAAS social workers who are or were employed by Defendant in its Victorville office and who worked overtime hours for said Defendant without receiving any or all of the compensation to which they are entitled.

10. Defendant is a legal subdivision of the State of California, pursuant to Article 11, Section 1(a) of the California Constitution and Cal. Gov. Code § 23002.

11. Defendants DOES 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused by such defendants.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs make the allegations contained herein on their own behalf and on behalf of all others similarly situated. The allegations contained herein are made upon personal knowledge as to Plaintiffs and their own acts and circumstances, and, as to all other matters, upon information and belief.

COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE              2

13. During the applicable limitations period, Plaintiffs were employed as non-exempt social workers by Defendant's DAAS in its Victorville office.

14. The allegations of this Complaint are applicable to all non-exempt DAAS social workers employed by Defendant in its Victorville office during the limitations period, including both current and former employees of Defendant.

15. Plaintiffs bring this action on behalf of themselves and on behalf of all other non-exempt DAAS social workers who were employed by Defendant within the applicable limitations period and who worked in excess of the maximum hours prescribed by 29 U.S.C. § 207(a) without payment of all of the overtime compensation required thereunder. Plaintiffs reserve the right to seek certification of this matter as a collective action on behalf of the foregoing current and former employees of Defendant. If discovery so indicates, Plaintiffs also reserve the right to seek certification of this matter as a collective action on behalf of one or more sub-classes of social workers employed by Defendants' DAAS, including, but not limited to, subclasses of DAAS social workers employed at other offices.

16. Plaintiffs' position and situation is in all respects similar to, if not identical to, the other persons on whose behalf Plaintiffs bring this action. Plaintiffs reserve the right to seek to certify this action as a collective action with one or more sub-classes.

17. Plaintiff Garness's consent to be part of this action is attached hereto as Attachment A.

18. Plaintiff Ferrer's consent to be part of this action is attached hereto as Attachment B.

19. Plaintiff Hansen's consent to be part of this action is attached hereto as Attachment C.

20. Plaintiff Rangel's consent to be part of this action is attached hereto as Attachment D.

21. Plaintiff Rogers's consent to be part of this action is attached hereto as Attachment E.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

22. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 16 of this Complaint as though fully set forth in this First Claim for Relief.

23. At all times relevant to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s). At all times relevant to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and has employed and continued to employ social workers, including Plaintiffs, within the meaning of 29 U.S.C. § 203(g).

24. During the applicable limitations period, Plaintiffs were employed by Defendant as non-exempt DAAS social workers.

25. Pursuant to 29 U.S.C. § 207(a), the DAAS social workers employed by Defendant, including Plaintiffs, are entitled to be compensated for all of the hours they worked for Defendant, as well as time and one-half (1½) of their regular pay rate for each hour worked in excess of forty (40) hours per week.

26. During the applicable limitations period, Defendants frequently required, suffered, and/or permitted the DAAS social workers, including Plaintiffs, to work more than forty (40) hours per week without paying them all of the overtime compensation required by 29 U.S.C. § 207(a). This overtime was worked, **without limitation**, during uncompensated break and meal periods, traveling and in the field, and/or outside of the office.

27. During the applicable limitations period, Defendants failed to accurately record, report, and/or preserve records of hours worked by DAAS social workers, including Plaintiffs. To the extent such records exist, they are in the possession of Defendants and discoverable in this action.

28. Defendants' unlawful conduct has been repeated and consistent throughout Plaintiffs' entire period of employment as DAAS social workers.

29. Defendants were aware that the DAAS social workers, including Plaintiffs, performed work that could not be completed in forty (40) hours per week and required them to work overtime.

30. Upon information and belief, Defendants were aware that the DAAS social workers, including Plaintiffs, worked uncompensated overtime.

31. Upon information and belief, Defendants' failure to pay overtime to the DAAS social workers, including Plaintiffs, was "willful" for the purposes of 29 U.S.C. § 255(a).

32. By reason of Defendants' foregoing conduct, the DAAS social workers, including Plaintiffs, have suffered harm and been damaged.

33. Plaintiffs and all others similarly situated are entitled to damages in the amount of all unpaid overtime from three (3) years immediately preceding the filing of this action, pursuant to 29 U.S.C. § 255(a). They are also entitled to liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper. They are also entitled to recover attorney fees and costs, pursuant to 29 U.S.C. § 216(b). Plaintiffs hereby seek all of the foregoing remedies for themselves and all others similarly situated.

34. WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, request the relief set forth in this First Claim for Relief and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JODI GARNESS, JACQUELINE FERRER, KATHY HANSEN, ROSE REYES-RANGEL and REGINA ROGERS pray for the following, on their own behalf and on behalf of all others similarly situated:

| | | |
|---|---|---|
| A. | Judgment against Defendants for an amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b); | |
| B. | Liquidated damages in an additional amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b); | |
| C. | Attorney fees and costs, pursuant to, *inter alia*, 29 U.S.C. § 216(b); | |
| D. | A finding that Defendants' violations of law were willful and providing for a recovery period of three (3) years prior to the filing of this Complaint, pursuant to 29 U.S.C. § 255(a); | |
| E. | An award of prejudgment interest; | |
| F. | Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and | |
| G. | Such further relief as the Court deems just and equitable. | |

Dated: March 20, 2020

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Respectfully submitted by,

*/s/ John R. Parker, Jr.*
C. Brooks Cutter
John R. Parker, Jr.
Celine E. Cutter
CUTTER LAW P.C.
401 Watt Ave., Suite 100
Sacramento, CA 95864
T: (916) 290-9400| F: (916) 588-9330
bcutter@cutterlaw.com
jparker@cutterlaw.com
ccutter@cutterlaw.com

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE**   6

1
2   MEGAN A. RICHMOND, APC
3   Megan A. Richmond
    655 W. Broadway, Suite 1700
4   San Diego, California 92101-8495
    Telephone: (619) 577-4253
5   Facsimile:  (619) 577-4250
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE**                7

**DEMAND FOR JURY TRIAL**

Pursuant to, *inter alia*, Amendment VII to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action triable by a jury.

Dated: March 20, 2020

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

        Respectfully submitted by,

*/s/ John R. Parker, Jr.*
C. Brooks Cutter
John R. Parker, Jr.
Celine E. Cutter
CUTTER LAW P.C.
401 Watt Ave., Suite 100
Sacramento, CA 95864
T: (916) 290-9400| F: (916) 588-9330
bcutter@cutterlaw.com
jparker@cutterlaw.com
ccutter@cutterlaw.com

MEGAN A. RICHMOND, APC
Megan A. Richmond
655 W. Broadway, Suite 1700
San Diego, California 92101-8495
Telephone: (619) 577-4253
Facsimile:  (619) 577-4250